

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4561
Re: Whether or not the Railroad
Commission must collect a
filing fee of $25 on motions
to consolidate duplicate
rights held by owners of
certificates of convenience
and necessity.

We quote your request on the above situation as follows:

"General Order No. 60 of the Railroad Commission of Texas, Paragraph 8, provides:

"'If the purchaser of a common carrier certificate owns a certificate covering all or a part of the route authorized under the certificate he proposes to purchase, he shall file as an exhibit a request to the Commission to consolidate the operations, if and when the Commission approves the sale and transfer, so as to eliminate the duplication of operating rights, pointing out in detail just what part of the duplicate service is to be eliminated.'

"Paragraph a, of Section 17 of Article 911b, with reference to filing fees, provides as follows:

"'Every application for a certificate of convenience and necessity shall be accompanied by a filing fee in the sum $25.00, which shall be in addition to other fees and taxes and shall be retained by the Commission whether the

certificate of convenience and necessity be
granted or not.

"Paragraph (b), of Section 17, of Article
911b, provides:

"'Every application filed with the Com-
mission for an order approving the lease or
transfer of any certificate of convenience
and necessity shall be accompanied by a fil-
ing fee in the sum of $25.00, which fee shall
be in addition to the other fees and taxes
and shall be retained by the Commission wheth-
er the lease, sale or transfer of the certi-
ficate of convenience and necessity is ap-
proved or not.'

"The above quoted provisions of the Motor
Carrier Act are the only ones pertaining to
the payment of filing fees on applications
filed with the Commission. The question has
arisen as to whether or not a motion to con-
solidate certificates under the above quoted
paragraph of General Order No. 60 requires an
additional filing fee of $25.00. The question
has also arisen as to whether or not it is
necessary for a carrier to accompany a motion
to consolidate its operating right into one
certificate with a filing fee of $25.00 when
such motion to consolidate is filed at the
request of the Commission in an effort to bring
about a unification of operating routes for
the purpose of effectively policing motor
carrier operations.

"Based upon the above and foregoing, will
you please give us your opinion on the follow-
ing:

"(1) Is it necessary for the Railroad Com-
mission of Texas to collect a filing fee of
$25.00 on a motion to consolidate certificates
of public convenience and necessity when said
motion is filed in accordance with Paragraph
8 of General Order No. 60, Railroad Commission
of Texas?

Honorable James K. Kilday, Director, Page 3

"(2) Is it necessary for the Railroad Commission of Texas to collect a filing fee of $25.00 on a motion filed by a carrier at the request of the Commission to consolidate its operating route into one certificate?"

It appears that the filing fee of $25.00 contemplated by the quoted provisions of Article 911b, above, refer only to the certificate which will grant rights to a carrier not heretofore held by him. This conclusion is implied from the language "which fee. . . shall be retained by the Commission whether the certificate. . . be granted or not."

We also note that General Order No. 60, above, provides that the purchaser of a new certificate which includes rights previously held by him shall file the motion to consolidate as an exhibit in connection with the application for transfer, etc., and as such application must be accompanied with the filing fee, we see no reason for acquiring an additional $25.00 in such instances.

In situations where such consolidation is at the request of the Commission, no additional rights would inure to the carrier, and such motion does not amount to an application as same is impliedly defined in the Motor Carrier Law.

We, therefore, believe that it is not necessary for the Railroad Commission to collect the fee mentioned in either of the instances presented.

We trust that the above satisfactorily answers your inquiry.

APPROVED MAY 5, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AFH:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Alfred F. Herbelin
    Alfred F. Herbelin
        Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN